## REGULATION OF AFFAIRS OF FRATERNAL BENEFICIARY ASSOCIATIONS.

Circuit Court of Cuyahoga County.

MARGARET McGOVERN V. THE BROTHERHOOD OF LOCOMOTIVE FIREMEN AND ENGINEERS.

Decided, June 18, 1909.

*Fraternal Insurance and Mutual Benefit Societies—Limitation of Liability of—Based on Disappearance of Member for Seven Years or More.*

Where a fraternal beneficiary association reserves the right to amend its by-laws, a by-law providing that no death losses shall be paid where the only evidence of death is the presumption arising from disappearance for seven years, is for the mutual benefit of the members, not against public policy, and is binding upon the beneficary of a member, notwithstanding its adoption but fifteen days before the legal presumption of the member's death would be established and notwithstanding the receipt of dues and assessments from the beneficiary up to date of the amendment.

*Mathews & Orgill,* for plaintiff in error.
*Carr, Stearns, Chamberlain & Royan,* contra.

WINCH, J.; HENRY, J., and MARVIN, J., concur.

Error to the Court of Common Pleas.

In 1891 P. W. McGovern became a member of the defendant organization. On January 13th, 1900, he disappeared and has never since been seen or heard of by any of his friends, family or relatives. For seven years subsequent to his disappearance his wife, Margaret McGovern, plaintiff in error, paid the premiums and assessments to the defendant as required by the policy, the defendant having notice of the fact that McGovern had disappeared.

In September, 1906, the defendant adopted a by-law declaring that no liabilities should be incurred because of the disappearance of a member, or because of the presumption arising therefrom.

This by-law went into effect January 1st, 1907, or fifteen days before the expiration of the seven year period relied upon by plaintiff in error to establish the legal presumption of death.

In the court of common pleas the petition averred the issuance of the policy, the payment of premiums and assessments, the performance of conditions precedent, and the facts as to McGovern's absence for seven years. The defendant's answer conceded the issuance of the policy and the payment of dues as alleged therein, and asserted as a defense to the action the enactment of the by-law in question.

The reply admitted the adoption of the by-law and alleged that it was adopted by the organization with knowledge of McGovern's disappearance, and notwithstanding the acceptance of dues from plaintiff.

It is also conceded in the pleadings that McGovern at the time he became a member agreed to conform to all laws, rules and regulations of the society then existing or that might thereafter be enacted.

Upon this state of the pleadings the court sustained a motion by defendant to exclude evidence under the pleadings, and for judgment in its favor.

A review of this judgment requires an investigation of two questions: first, had the organization a right to pass any by-law on January 1st, 1907, which could be binding upon McGovern's beneficiary; second, is the by-law which was passed, a valid one?

First, if McGovern was dead on January 1, 1907, the rights of his beneficiary were then vested and could not be divested by any action of the association. But was he then dead, or was there any presumption at that time that he was dead?

There is no allegation in the pleadings that he *was* dead; the plaintiff relies solely upon the presumption of law, which arises *after* a man has been absent and unheard of for seven years. There is no presumption either of life or death at any particular time during the seven years. *Whitely* v. *Equitable Life Assurance Society,* 72 Wis., 170; *Supreme Commandery, etc.,* v. *Everding,* 20 C. C., 689.

It would seem then that under the power reserved by the organization it had a right on January 1, 1907, to enact a by-law

which would be binding upon McGovern and his beneficiary. *Tisch* v. *The Protected Home Circle*, 72 Ohio St., 233.

The payment of dues by the beneficiary has no bearing on the case; it is a concession on her part that the member is still alive.

Second, the reasonableness of such by-laws as the one pleaded in this case is recognized in the Tisch case, and cases there cited, but it is urged that this by-law not only limits the right to recover under the certificate, but seeks to control the rules of evidence which shall be applied by the courts; that it attempts to abrogate the rule of the courts that proof of seven years absence unheard of, shall be received as proof of death.

The point would be well taken were the defendant an insurance company where the relation of company and policyholder is antagonistic, but it has been repeatedly held that the mutual interests of the members of a fraternal beneficiary association warrant their regulating their own affairs to the entire exclusion of the courts.

An agreement, such as we have here, that no death losses shall be paid when the only evidence of death is that the member has disappeared, is for the mutual benefit of all the members, and it is not contrary to public policy for parties to agree among themselves for their mutual benefit. McGovern had the benefit of this agreement, as well as all other members, and his beneficiary must share its burdens. *Rood* v. *Railway P. & F. C. M. B. A.*, 31 Fed. Rep., 62; *Sanderson* v. *B. of R. R. Trainmen*, 204 Pa. St., 182; *Osceola Tribe No. 11, I. O. R. M.* v. *Schmidt*, 57 Md., 98; *Kelley* v. *Supreme Council, etc.*, 46 App. Div. (N. Y.), 79.

It appears, then, that the organization had a right to pass the by-law in question, and that it is binding upon McGovern and his beneficiary.

Judgment affirmed.